Brian J. Smith
Jason M. Collins
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
bjsmith@garlington.com
jmcollins@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>RB&C GRAIN, INC. and STARK FARMS, L.P.,<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, Great West Casualty Company (hereinafter Great West), by and through its attorneys of record Garlington, Lohn & Robinson, PLLP, and for its Complaint seeking a declaratory judgment as to the Defendant, RB&C Grain, Inc. (hereinafter RB&C), alleges as follows:

2277071                                                                                                          1

1. This is a claim for relief brought by Great West under the Declaratory Judgment Act seeking a declaration from this Court that Great West does not have any obligation to defend or indemnify RB&C pursuant to the terms, conditions and exclusions of the applicable policy of insurance between Great West and RB&C.

## PARTIES

2. Great West is a corporation organized and existing under the laws of the state of Nebraska and is registered and authorized to conduct the business of insurance in the state of Montana. Great West's principal place of business is located in South Sioux City, Nebraska.

3. Upon information and belief, RB&C is a Montana corporation with its principal place of business located in Yellowstone County, Billings, Montana.

4. Upon information and belief, Stark Farms, L.P. (hereafter Stark) is a business entity located in Carbon County, Montana. Stark is included in this action due to the fact that it may be affected by the outcome of it. Stark alleges a claim against RB&C to which this action is relevant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 2201 seeking to declare the rights and other legal relations of Great West and RB&C pursuant to the policy of insurance issued by Great West to RB&C as described below.

6.This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 over this claim on the grounds of diversity in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Great West seeks a declaration as to its rights, duties and obligations under the insurance policy.

7.This action is properly brought in the United States District Court for the District of Montana, Billings Division, in that the claims under the policy of insurance are the result of an incident which occurred within the Billings Division of the United States District Court for the District of Montana.

## GENERAL ALLEGATIONS

8.The underlying facts for the claim involved in this action begin with a request by Stark to RB&C to purchase 1,400 bushels of wheat to be used as seed for spring crops. The allegation by Stark is that it informed RB&C that the purpose of its purchase was to plant the wheat. RB&C stated to Stark before the purchase that the wheat they had for sale was not for seed. Subsequently, RB&C delivered to Stark 1,400 bushels of wheat. This wheat was not suitable for seed, rather it was wheat grown the previous winter. Stark planted the wheat that they purchased from RB&C and they claim damage to their property and loss of a growing season due to the fact that the wheat purchased from RB&C did not grow.

9.Stark filed a complaint naming RB&C as a defendant in the Twenty-

Second Judicial District Court of the State of Montana, in Carbon County, Montana. The complaint, as amended, alleges the following causes of action:

   Count I, Breach of Contract

   Count II, Breach of Implied Warranties

   Count III, Negligence

   Count IV, Negligent Misrepresentation

   10.   Great West issued its policy of Commercial General Liability insurance under policy number GWP 90104E to Raymond Corcoran Trucking Company. Subsequently, Raymond Corcoran Trucking requested that RB&C be named and added to the policy as an additional named insured. This was accomplished by endorsement for the policy year from November 1, 2015 to November 1, 2016. The pertinent portions of this Commercial General Liability policy (hereinafter CGL policy) are included in this Complaint below.

   11.   As part of the Stark complaint, Stark claims $287,000 in damages.

   12.   RB&C tendered this claim to Great West under the CGL policy referred to above and sought both indemnity and defense of the claim brought by Stark against RB&C. At this point in time, Great West is providing a defense to RB&C under a reservation of rights and asserts that no coverage exists under the insurance agreement between Great West and RB&C.

   13.   Pursuant to the terms, conditions and exclusions of the insurance

agreement between Great West and RB&C, Great West has no duty to defend or indemnify RB&C for the claim of Stark.

14.   Specifically, the policy includes insuring language that provides coverage for property damage resulting from an "occurrence" happening during the policy period and within the coverage territory.  The specific provision of the policy is as follows:

**POLICY NUMBER:  GWP 90104E**

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A**

**1. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We have the right and duty to defend any insured against a "suit" asking for such damages.  However, we have no duty to defend any insured against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

   **(1)**   The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

   **(2)**   Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of

judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or service is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have

been known to have occurred at the earliest time when any Insured listed under Paragraph 1. of Section II – Who is an Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

"Occurrence" is a defined term under the policy. Section V of the policy under Definitions, and specifically paragraph 14, defines an "Occurrence." The policy provides as follows:

### SECTION V – DEFINITIONS

\* \* \*

**14. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15.    The event that the Stark complaint alleges is the sale of the wrong type of wheat to Stark. There is no question related to the coverage period or that the sale took place during the policy period or in the policy territory. The determinative factor is whether the sale of the wheat by RB&C to Stark constitutes an "occurrence" as defined above.

16. Great West alleges that the sale of the wheat does not fall within the definition of an "occurrence" within the policy. An "occurrence" under the policy means an accident. Great West alleges that the sale of the wheat from RB&C to Stark was not an accident under the normal understanding of that term or as it is defined in Montana law.

17. The term "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Montana courts have held that where a policy of insurance defines an occurrence as an accident, generally the term accident from the standpoint of the insured reasonably refers to any unexpected happening that occurs without intention or design on the part of the insured.

18. Great West alleges that the acts of the parties determine whether an occurrence or accident has happened, which includes an unexpected happening without intention or design on the part of the insured. The sale to Stark is not the result of an accident or an unintentional act or result on the part of RB&C and therefore is not an "occurrence" as defined within the policy.

19. On this basis, Great West alleges that the claim of Stark is not a covered claim under the policy referred to above.

20. Great West alleges in addition, and/or in the alternative, that the claim of Stark is excluded under the policy exclusion for damage to impaired property or

property that is not physically injured. The definition of "impaired property" is found in the Definitions section under the policy at paragraph 9 and provides as follows:

### SECTION V – DEFINITIONS

\* \* \*

9. **"Impaired property"** means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

### SECTION I – COVERAGES

\* \* \*

2. **EXCLUSIONS**

\* \* \*

   m. **DAMAGE TO IMPAIRED PROPERTY OR PROPERTY NOT PHYSICALLY INJURED**

   "Property damage" to "impaired property" or property

2277071                                                                                       9

    that has not been physically injured, arising out of:

    **(1)** A defect , deficiency, inadequacy or a dangerous condition in "your product" or "your work"; or

    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

  21. The claim of Stark is that property damage has occurred to its impaired property due to a failure by RB&C to perform the contract of sale in accordance with its terms.  This claim is alleged by Great West to be likewise excluded under the policy as set forth in paragraph m. above.  Paragraph m. of the policy clearly excludes property damage to property that has not been physically injured, as in the case of failure to grow a crop, arising out of the alleged failure by RB&C to perform a contract in accordance with its terms.

  22. Taking the allegations of the complaint by Stark as true, the contract between the parties may constitute an agreement which was not performed according to its terms by RB&C.  Given that situation, the actions of RB&C in failing to perform the contract with Stark falls within paragraph m. of the exclusions under the policy and would not be a covered loss on that basis.

  23. Great West alleges in addition, and/or in the alternative, that the claim

of Stark is excluded under the policy exclusion for Damage to Your Product, exclusion k. under the Great West Policy of insurance described above. The exclusion specifically sets forth the following language:

> **k.   DAMAGE TO YOUR PRODUCT**
>
> "Property damage" to "your product" arising out of it or any part of it.

Under the definition section of the policy, **Section V**, the definition of "your product" is set forth as follows:

> **24.   "Your product"**
>
> **a.**   Means:
>
> **(1)**   Any goods or products, other than real Property, manufactured, sold, handled, distributed or disposed of by:
> **(a)**   You;
> **(b)**   Others trading under your name; or
> **(c)**   A person or organization whose business or assets you have acquired; and
>
> **(2)**   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>
> **b.**   Includes:
>
> **(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

>   (2)   The providing of or failure to provide warnings or instructions.

*    *    *

24.   The claim of Stark is that property damage has occurred to its property due to a failure by RB&C to perform a contract of sale and to properly represent and/or warrant the quality, durability, performance or use of RB&C's product.  Great West alleges that "your product" includes, by definition, warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of its product, that being in this circumstance the wheat that was sold to Stark.

25.   To the extent that Stark's claim alleges that its damages are a result of RB&C's product or arising out of RB&C's product or any part of it, the Great West insurance policy referred to above under exclusion k. excludes the claim of Stark from coverage under the Great West policy of insurance.  Given these factors, the damage claimed by Stark would not be covered under the insurance policy as a loss.

26.   The Great West policy of Commercial General Liability insurance does not provide coverage for the damages alleged by Stark against RB&C in the grain transaction described above.  Any damages are not the result of an "occurrence" as that term is defined under the Great West policy and further any damages sought by Stark are excluded under the

damage to "impaired property" exclusion under the policy set forth above and/or are excluded under the "your property" exclusion described above.

27. The claim for relief by Stark against RB&C is excluded from coverage under the insurance agreement pursuant to the facts and the policy provisions set forth above. Great West has no obligation, contractual or otherwise, to defend or indemnify RB&C for the claims by Stark described above.

28. There is currently existing between the parties hereto an actual, justiciable controversy regarding the nature and extent of the defense and indemnity obligations of Great West to RB&C. Great West is entitled to a declaration from this Court that, pursuant to the specific terms, conditions and exclusions of the insurance agreement, it has no duty or obligation to defend or indemnify RB&C for the claims for relief set out in the Stark complaint referred to above.

WHEREFORE, Great West prays for the following relief:

1. That this Court declare that the insurance agreement between Great West and RB&C does not require Great West to provide a defense or to indemnify RB&C for the claims for relief identified above in the complaint filed by Stark;

2. An award of all costs, expenses and fees as allowed by law; and

3. For such other and further relief that this Court deems proper and just

under the circumstances of this action.

DATED this 9th day of November, 2017.

/s/  Brian J. Smith
Attorneys for Plaintiff